UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#13/14

CIVIL MINUTES - GENERAL

| Case No. | CV 11-2776 PSG (AGRx) | Date | June 10, 2011 |
|---|---|---|---|
| Title | A&S Engineering, Inc. v. Frydoun Sheikhpour, et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):  Attorneys Present for Defendant(s):

Not Present  Not Present

**Proceedings:**  **(In Chambers) Order DENYING Cross-Defendant Habib American Bank's motion to dismiss**

Pending before the Court is Cross Defendant Habib American Bank's ("Habib") motion to dismiss the Cross-Complaint. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court DENIES the motion.

I.  Background

This motion arises from a dispute over the prioritization of multiple liens which encumber a gas station in Manhattan Beach, California (the "Property"). In 2003, pursuant to a Purchase and Sale Agreement ("PSA"), Defendant/Cross-Complainant Chevron U.S.A., Inc. ("Chevron") sold the Property to Cross-Defendant Frydoun Sheikhpour ("Sheikhpour"). *Cross-Compl.* ¶ 17. As stipulated in the PSA, Chevron reserved a right to repurchase the Property in the event Sheikhpour failed to construct certain improvements to the Property within eighteen months of the close of escrow, or by June 11, 2006. *Noble Decl.*, Ex. A (PSA) ¶ 8(d). The PSA further stipulated that Chevron could extend this construction deadline for no more than two years, *id.* ¶ 8(b), and that the Chevron's repurchase option extended to one year after the latest deadline for Sheikhpour to complete the work.[1]

---

[1] Under Cal. Civ. Code §884.010(a), a bona fide purchaser or future encumbrancer is charged with constructive knowledge of the existence of the option for an additional six months after expiration of the recorded option. *See* Cal. Civ. Code § 884.010(a) (providing that a recorded option "expires of record" if no instrument giving notice of its exercise is recorded within "[s]ix months after the option expires according to its terms").

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#13/14

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2776  PSG  (AGRx) | Date | June 10, 2011 |
|---|---|---|---|
| Title | A&S Engineering, Inc. v. Frydoun Sheikhpour, et al. | | |

Sheikhpour, however, not only failed to complete the required reconstruction by the June 2006 deadline, but also refused to resell the Property to Chevron per the parties' agreement.  Accordingly, on July 10, 2007, Chevron filed suit to enforce its recorded repurchase option.  *See Chevron U.S.A. Inc. v. Frydoun Sheikhpour*, CV 07-04451 PSG (ARGx).  This suit was settled on August 26, 2008 and Chevron, ultimately,[2] was able to exercise its repurchase option under the PSA in December 2010.

Chevron soon discovered that – notwithstanding the PSA's stipulation that Sheikhpour must reconvey the Property free and clear of any liens, *Noble Decl.*, Ex. A ¶ 8(d) – Sheikhpour had encumbered the Property with over $3,000,000 in liens held by eight different parties while the Property was in his possession.  *Cross-Compl.* ¶ 20.  Upon realizing such liens existed, Chevron deposited the $1,490,000 sum it was going to use to repurchase the Property in escrow, and filed a Cross-Complaint in a pending state court action brought by one of Shiekhpour's lien holders.[3]  *See Cross-Compl.*, Dkt. # 1, Ex. A.  In asserting claims for declaratory relief and quiet title against Sheikhpour and the other lien-holders, Chevron's Cross-Complaint "seeks a determination of how [its] $1,490,000 purchase price should be allocated among Cross-Defendants; and a determination of each party's rights and obligations with respect to the Property."  *Cross-Compl.* ¶ 1.

The motion presently before the Court is brought by Cross-Defendant Habib American Bank ("Habib"), which holds a lien in the amount of $1,800,000 – the largest recorded lien against the Property.[4]  *See Cross-Compl.*, Ex. B.  Habib argues that Chevron's Cross-

---

[2] Sheikhpour's persistent refusal to comply with the Settlement Agreement necessitated at least four separate motions to enforce the Settlement Agreement, all of which the Court granted. *See, e.g., Chevron U.S.A. Inc. v. Frydoun Sheikhpour*, CV 07-04451 PSG (ARGx), Dkt. # 193 (Apr. 11, 2011) (Order enforcing the Settlement Agreement and enjoining Sheikhpour from pursuing res judicata-barred claims in state court).

[3] Specifically, on August 12, 2010, Plaintiff and Counter-Defendant A&S Engineering Services, Inc. ("A&S") filed suit against Sheikhpour in Los Angeles County Superior Court, alleging claims for breach of contract, foreclosure of mechanic's lien, and common counts. *See* Dkt. # 1, Ex. B.  On April 1, 2011, Cross-Defendant United States of America (improperly named as Internal Revenue Service) removed the case to federal court under 28 U.S.C. §2410(a)(1).  *See* Dkt. # 1.

[4] Habib recorded a Deed of Trust against the Property in the amount of $1.8 million on October 15, 2008.  *See Cross-Compl.*, Ex. B.  Habib also holds a second lien against the Property in the

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#13/14**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2776 PSG (AGRx) | Date | June 10, 2011 |
|---|---|---|---|
| Title | A&S Engineering, Inc. v. Frydoun Sheikhpour, et al. | | |

Complaint should be dismissed for the following two reasons: "[f]irst[,] to preserve the priority of its option, Chevron [failed] to exercise it and record a notice of exercise, [and failed] sue to enforce the option and record a lis pendens, by December 11, 2007….Second[,] Chevron recorded a lis pendens in February 2008 – too late to preserve its option rights." *Mot.* 2:2-8. Thus, concluding that Chevron therefore cannot show that its title is superior to Habib's 2008 lien, Habib contends that the Court should dismiss Chevron's Cross-Complaint accordingly. Chevron disputes this contention, arguing in its opposing papers that because Habib was on notice of Chevron's recorded repurchase interest at the time Habib recorded its lien, Chevron's interest is superior to Habib's as a matter of law.

II.     Legal Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts should be mindful that the Federal Rules of Civil Procedure generally require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, -U.S.-, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007)). Rather, the complaint must allege sufficient facts to support a plausible claim to relief. *See id.*

In evaluating a Rule 12(b)(6) motion, the court must engage in a two-step analysis. *See id.* at 1950. First, the court must accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 1161, 122 L. Ed. 2d 517 (1993). Based upon these allegations, the court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009). Second, after accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the court must determine whether the compliant alleges a plausible claim for relief. *See Iqbal*, 129 S. Ct. at 1950. Despite the liberal pleadings standards of Rule 8, conclusory allegations will not save a complaint from dismissal. *See id.*

---

amount of $200,000. *Id.* This second lien, however, is not at issue in this motion to dismiss.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#13/14**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2776  PSG  (AGRx) | Date | June 10, 2011 |
|---|---|---|---|
| Title | A&S Engineering, Inc. v. Frydoun Sheikhpour, et al. | | |

Finally, the Court notes that in ruling on a motion to dismiss, it may consider documents outside the pleadings without the proceeding turning into summary judgment. *See Lee v. City of Los Angeles*, 250 F. 3d 668, 688-89 (9th Cir. 2001). In particular, the Court may consider: (a) documents that are "properly submitted as part of the complaint"; (b) documents on which plaintiff's complaint necessarily relies and whose authenticity is not contested; and (c) "matters of public record" of which the court may take judicial notice under Rule 201 of the Federal Rules of Evidence.  *See id.* (internal quotations omitted).

III.     Discussion

As previously indicated, Habib's motion to dismiss focuses on the expiration date of Chevron's repurchase option (and, by implication, the purported seniority of Habib's recorded interest).  According to Habib, resolution of this motion turns solely on the following question:

> [u]nder Civil Code section 884.010, did the constructive notice given to [Habib] and the rest of the world by Chevron's option expire – i.e., did the option expire "of record" – on December 11, 2008, six months after the option would have expired "according to its terms" if Chevron had extended Sheikhpour's Completion Date a         full two years, to June 11, 2007? Or did it instead expire "of record" a year earlier on December 11, 2007 – six months after the option actually did expire "according to its terms", given the fact that the Completion Date actually turned out to be June 11, 2006?

*Reply* 2:4-11 (stating that "[t]he answer, of course, is the latter…").

It is, however, of no moment whether the Court agrees with Habib's answer to this question, because the Court finds the question itself inappropriate at this juncture.  Chevron's Cross-Complaint asserts equitable claims for declaratory relief and quiet title.  An action to quiet title is akin to an action for declaratory relief in that the plaintiff seeks a judgment declaring his rights in relation to a piece of property. *Caira v. Offner*, 126 Cal. App. 4th 12, 24-25, 24 Cal. Rptr. 3d 233, 242 (2005) (citing Cal. Code Civ. Proc., § 764.010 ("The court shall examine into and determine the plaintiff's title against the claims of all the defendants.")).  Accordingly, as one California court noted, the very purpose of a quiet title action is "to finally settle and determine, as between the parties, all conflicting claims to the property in controversy, and to decree to each such interest or estate therein as he may be entitled to."  *Yuba Invest. Co. v. Yuba Consul. Gold Fields*, 199 Cal. 203, 209 (1926).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

O

#13/14

| Case No. | CV 11-2776 PSG (AGRx) | Date | June 10, 2011 |
|---|---|---|---|
| Title | A&S Engineering, Inc. v. Frydoun Sheikhpour, et al. | | |

Here, as Chevron correctly points out, Habib does not even attempt to argue that Chevron failed to adequately plead the requisite elements of a quiet title or declaratory relief claim. Rather, Habib seeks to dismiss the Cross-Complaint because it disagrees with Chevron's position regarding the status of its $1.8 million lien. This alone indicates that dismissal of the Cross-Complaint at this stage in the proceedings would be inappropriate. *See Western Aggregates, Inc. v. County of Yuba*, 101 Cal.App.4th 278, 305, 130 Cal. Rptr. 2d 436 (2002) (rejecting an argument that the trial court should have dismissed a complaint for quiet title) ("A quiet title action seeks to declare the rights of the parties in realty. A trial court should ordinarily resolve such dispute. This accords with the rule that a trial court should not dismiss a regular declaratory relief action when the plaintiff loses, but instead should issue a judgment setting forth the declaration of rights and thus ending the controversy.").

Accordingly, because Habib fails to persuasively explain why the allegations in the Cross-Complaint are deficiently pled, the Court declines to dismiss it at this time. Habib's arguments as to the merits of this action are best saved for another day.

IV.   Conclusion

Thus, based on the foregoing, Habib American Bank's motion to dismiss Chevron's Cross-Complaint is DENIED.

**IT IS SO ORDERED.**