**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Link #38

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2776 PSG (AGRx) | Date | Sept. 19, 2011 |
|---|---|---|---|
| Title | A&S Engineering Services, Inc. v. Frydoun Sheikhpour *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings: (In Chambers) Order GRANTING Motion to Dismiss Counterclaims**

Pending before the Court is Defendant/Counter-Claimant/Counter-Defendant Chevron U.S.A. Inc.'s ("Chevron") motion to dismiss Defendant/Counter-Defendant Frydoun Sheikhpour's ("Sheikhpour") counterclaims. The Court finds the matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court GRANTS the motion.

I. Background

Before the Court is another motion arising from Frydoun Sheikhpour's ("Sheikhpour") 2003 purchase of a gas station in Manhattan Beach, California (the "Property") from Chevron, U.S.A., Inc. ("Chevron").[1] The present action, which involves a dispute over the prioritization of multiple liens encumbering the Property, relates to another case previously before this Court, *Chevron U.S.A. Inc. v. Frydoun Sheikhpour*, CV 07-4451 (PSG) (ARGx) (the "Related Case"). In the Related Case, Chevron sued Sheikhpour seeking enforcement of a franchise agreement under which Sheikhpour agreed to purchase and remodel the Property. *Related Case*, Dkt. # 1 (July 10, 2007). Under the parties' Purchase and Sale Agreement ("PSA"), Chevron reserved a right to repurchase the Property in the event Sheikhpour failed to construct certain improvements to the Property within a specified time frame. *Id.* After Sheikhpour failed to complete the required reconstruction by the deadline, and refused to resell the Property to Chevron per the parties' agreement, Chevron filed suit to enforce its recorded repurchase option. *Id.* Sheikhpour

[1] The Court assumes familiarity with the underlying facts of this case, and incorporates by reference the factual and procedural history set forth in its prior Orders in both this litigation and the Related Case, CV 07-4451 PSG (AGRx).

**O**

Link #38

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2776 PSG (AGRx) | Date | Sept. 19, 2011 |
|---|---|---|---|
| Title | A&S Engineering Services, Inc. v. Frydoun Sheikhpour *et al.* | | |

counterclaimed, alleging that Chevron concealed material facts from him at the time of his purchase "which materially impacted upon the ability and timing for remodeling of the service stations." *Related Case*, Dkt. # 14 (Sept. 27, 2007); *see also* Dkt. # 15 (Sept. 27, 2007) (Answer). Specifically, Sheikhpour alleged that:

> CHEVRON failed to disclose material information concerning the ability of SHEIKHPOUR to remodeling [sic] and the time period in which such remodeling could reasonably be completed, which information known to CHEVRON at the time the MB Property was sold to SHEIKHPOUR and as a consequence such non-disclosure CHEVRON is estopped from seeking termination of the PMPA franchise.

*Related Case*, Dkt. # 14, ¶ 24(h).

On September 18, 2008, the parties executed a Settlement Agreement that sought to settle all disputes between the parties and resolve the lawsuit. Sheikhpour refused to comply with its terms, however, thereby necessitating at least four separate motions to enforce the Settlement Agreement, all of which the Court granted. *See, e.g.*, *Related Case*, Dkt. # 163 (Sept. 24, 2010) (Order denying Sheikhpour's motion to reconsider Order enforcing Settlement Agreement); Dkt. # 193 (Apr. 11, 2011) (Order enforcing the Settlement Agreement and holding that Sheikhpour's related state court action may be enjoined on grounds of res judicata under the Anti-Injunction Act, 28 U.S.C. § 2283).

The present action was brought by Plaintiff/Counter-Defendant A&S Engineering Services, Inc. ("A&S") against Sheikhpour on August 12, 2010 in Los Angeles County Superior Court. *See* Dkt. # 1, Ex. B. A&S's complaint asserts claims for breach of contract, foreclosure of mechanic's lien, and common counts.[2] *Id.* Chevron subsequently filed a Cross-Complaint in this action against Sheikhpour and other lien-holders, upon discovering that Sheikhpour had encumbered the Property with over $3,000,000 in liens while the Property was in his possession. *See Cross-Compl.*, Dkt. # 1, Ex. A (Feb. 18, 2011).[3]

[2] On April 1, 2011, Cross-Defendant United States of America (improperly named as Internal Revenue Service) removed the case to federal court under 28 U.S.C. §2410(a)(1).

[3] In asserting claims for declaratory relief and quiet title, Chevron's Cross-Complaint "seeks a determination of how [its] $1,490,000 purchase price should be allocated among Cross-Defendants; and a determination of each party's rights and obligations with respect to the

CV-11-2776 PSG (AGRx) (09/11) CIVIL MINUTES - GENERAL Page 2 of 7

**O**

Link #38

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2776 PSG (AGRx) | Date | Sept. 19, 2011 |
|---|---|---|---|
| Title | A&S Engineering Services, Inc. v. Frydoun Sheikhpour *et al.* | | |

On May 3, 2011, Sheikhpour asserted counterclaims against Chevron for: (1) breach of contract, namely, the 2003 Purchase and Sale Agreement ("PSA"); (2) fraud relating to the August 2008 Settlement Agreement; (3) violation of Cal. Bus. & Prof. Code § 17200 for breach of the covenant of good faith and fair dealing; and (4) violation of Cal. Health & Safety Code § 25359.7, which relates to the release of hazardous substances on nonresidential real property.[4] *See Counter-Claim* ¶ 1 [Dkt. # 33 (May 3, 2011)]. In essence, Sheikhpour claims he is entitled to compensatory and statutory damages because he purchased the Manhattan Beach Property without knowing it was "subject to substantial contamination which had never been disclosed to Sheikhpour by Chevron." *Id.*, ¶ 16. He alleges that upon discovering petroleum impacted soil at the station, *id.* ¶ 17, he investigated the Property and discovered: (1) petroleum impacted soil containing 70%-90% petroleum products; (2) gasoline contamination containing MTBE and BTEX; (3) petroleum waste; (4) tank bottom petroleum tar/wax waste mixed with aged crude oil; and (5) a "tank farm"; and (6) the existence of petroleum impacted soil and ground water monitoring wells. *Id.* ¶ 18.

Chevron now seeks to dismiss Sheikhpour's counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. Analysis

In bringing this motion, Chevron argues that Sheikhpour's counterclaims are barred under the doctrine of res judicata and, accordingly, should be dismissed. For the following reasons, the Court agrees.

The doctrine of res judicata "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L. Ed. 2d 767, 771 (1979). "Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Tahoe- Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (citations and internal quotation marks omitted). As Sheikhpour concedes that there is privity between the parties, the Court addresses below only the first two elements.

Property." *Cross-Compl.* ¶ 1.

[4] Sheikhpour's Counter-claim erroneously refers to this statute as Cal. Bus. & Prof. Code § 25359.7.

CV-11-2776 PSG (AGRx) (09/11) CIVIL MINUTES - GENERAL Page 3 of 7

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Link #38

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2776 PSG (AGRx) | Date | Sept. 19, 2011 |
|---|---|---|---|
| Title | A&S Engineering Services, Inc. v. Frydoun Sheikhpour *et al.* | | |

A. Identity of Claims

Res judicata applies to claims that were "actually litigated and those that arise from the same transaction and *could have been* litigated in a prior proceeding." *W. Sys., Inc. v. Ulloa*, 958 F.2d 864, 868 (9th Cir. 1992) (emphasis in original). In determining whether claims are identical, courts in this Circuit consider four criteria: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. *U.S. v. Liquidators of European Federal Credit Bank*, 630 F.3d 1139, 1150-51 (9th Cir. 2011). The fourth factor – whether the claims arise from "the same transactional nucleus of facts – is the most important. *Cent. Delta Water Agency v. United States*, 306 F.3d 938, 952 (9th Cir. 2002); *see also Tahoe-Sierra Pres. Council, Inc.*, 322 F.3d at 1078. Whether two suits arise out of the "same transactional nucleus" depends upon "whether they are related to the same set of facts and whether they could conveniently be tried together." *Liquidators of European Fed. Credit Bank*, 630 F.3d at 1151.

Here, the Court agrees with Chevron that Sheikhpour's new counterclaims are identical to his counterclaims in the Related Case for purposes of res judicata. Both sets of claims arise from Chevron's purported failure to disclose material information about the Manhattan Beach Property. More specifically, both sets of claims are premised on the following facts: (1) Sheikhpour entered into a PSA with Chevron in June 2003 (*Countercl.*, ¶ 8; *Related Case*, Dkt. # 14, ¶ 8); (2) the PSA obligated Sheikhpour to make certain improvements to the Manhattan Beach station (*Countercl.*, ¶ 9; *Related Case*, Dkt. # 14, ¶ 14); (3) at the time the Property was sold, Chevron concealed material facts (i.e., that the station was contaminated), which related to his ability to remodel (*Countercl.*, ¶¶ 16, 22; *Related Case*, Dkt. # 14, ¶ 24(h)); and (4) that Sheikhpour allegedly incurred damages as a result of the concealed facts (*Countercl.*, ¶ 25; *Related Case*, Dkt. # 14, ¶ 27). Given this shared factual predicate, the Court thus concludes that counterclaims in this case and the counterclaims in the Related Case arise from the "same

CV-11-2776 PSG (AGRx) (09/11) **CIVIL MINUTES - GENERAL** Page 4 of 7

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Link #38

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2776 PSG (AGRx) | Date | Sept. 19, 2011 |
|---|---|---|---|
| Title | A&S Engineering Services, Inc. v. Frydoun Sheikhpour *et al.* | | |

transactional nucleus of facts."[5] *See Liquidators of European Fed. Credit Bank*, 630 F.3d at 1151.

In opposing Chevron's motion, Sheikhpour contends that his new counterclaims are not identical to his previous counterclaims because, whereas he previously alleged that Chevron concealed zoning, permit, and boundary issues, he is presently asserting that Chevron concealed environmental contamination issues. *Opp'n* 8:11-9:9. This argument, however, misses the point. Res judicata does not merely apply to questions which were actually litigated in a prior action; it bars all grounds for recovery which could have been asserted – whether they were or not – in a prior suit between the same parties on the same cause of action. *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (stating the "appellant's contention that the question involved in his present action was never actually litigated in the prior action is simply irrelevant"). The Court therefore finds Sheikhpour's contention that the "focus" of the two counterclaims is different, *Opp'n* 7:18, immaterial and unpersuasive.

Sheikhpour's related argument that he could not have known about the contamination until he commenced construction on the property, *see Opp'n* 8:11-9:9, is also of little avail. First, given that the terms of the 2003 PSA expressly contemplate the presence of environmental contaminants on the property, it is clear that Sheikhpour was on notice of at least the possibility of such issues as early as June 2003. Second, on numerous occasions during the related litigation, Sheikhpour specifically raised the same environmental issues which now form the basis of his new counterclaims. *See, e.g., Related Case, Opp'n to Chevron's Mot. to Enforce Settlement*, Dkt # 128 (June 7, 2010); *Sheikhpour Decl. in Support of Opp'n to Mot. to Enforce Settlement*, Dkt. # 129 (June 7, 2010); *Supp. Sheikhpour Decl. in Opposition to Chevron's Mot.*

[5]For the same reasons set forth in *Liquidators of European Federal Credit Bank*, none of the other three factors to be considered in deciding whether the claims are identical are significant to resolution of this issue. The second factor supports a finding of res judicata, because substantially the same "evidence" concerning environmental contamination on the Property would be presented in the two actions. *Liquidators of European Federal Credit Bank*, 630 F.3d at 1151 n.7 (citing *Costantini*, 681 F.2d at 1202). The third factor also cuts in favor of res judicata, because "the two suits involve infringement of the same right." *Id*. Finally, as the Ninth Circuit stated, the "first factor, 'whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action,' is unhelpful here because it begs the question. Resolution of that factor depends only on our conclusion about res judicata." *Id.* (internal citations omitted).

CV-11-2776 PSG (AGRx) (09/11) **CIVIL MINUTES - GENERAL** Page 5 of 7

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Link #38

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2776 PSG (AGRx) | Date | Sept. 19, 2011 |
|---|---|---|---|
| Title | A&S Engineering Services, Inc. v. Frydoun Sheikhpour *et al.* | | |

*to Enforce Settlement*, Dkt. # 141 (June 23, 2010); *Sheikhpour's Motion to Reconsider Order Enforcing Settlement Agreement*, Dkt. # 150 (Aug. 3, 2010).

Accordingly, based on the foregoing, the Court concludes that Sheikhpour's concealment-related counterclaims in this action and in the Related Case are identical for purposes of res judicata.

B. Final Judgment on the Merits

Res judicata also requires a final judgment on the merits. *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003). There was clearly such a final judgment in this case. Indeed, this Court has already expressly held that dismissal of the Related Case pursuant to the parties' settlement constitutes a final judgment on the merits for purposes of res judicata. *Related Case*, Dkt. # 193 (Apr. 11, 2011). In so holding, the Court reasoned that because its prior dismissal order was not entered at plaintiff's request, or as otherwise provided under Rule 41(b), it therefore was a final judgment on the merits. *Id.* at 8-9 (citing *Int'l Union of Operating Eng'rs-Employers Const. Industry Pension, Welfare and Training Trust Funds v. Karr*, 994 F.2d 1426, 1429 (9th Cir. 1993) (holding that dismissal of action pursuant to settlement agreement was a "final judgment on the merits preventing reassertion of same claim in subsequent action.")). Although, Sheikhpour now contends there has been no final judgment on the merits pertaining to the environmental contamination issues he raises in his new counterclaims, his argument is unsupported by law or fact. It is also inconsistent with his own concession that the Court's Order enforcing the Settlement Agreement in the Related Case was a "final order" for purposes of his pending Ninth Circuit appeal. *See Chevron's Request for Judicial Notice*, Ex. 1 at 9. The Court therefore finds the second element of the res judicata analysis readily satisfied.

III. Conclusion

In sum, because the Court finds (1) an identity of claims in the prior, Related Case and the counterclaims asserted in the present action complaint; (2) that the Related Case was resolved by a final judgment on the merits; and (3) there is sufficient privity between parties to bind the current parties to the result of the prior litigation, it holds that Sheikhpour's counterclaims are barred by the doctrine of res judicata. Chevron's motion to dismiss Sheikhpour's counterclaims is therefore GRANTED with prejudice.

CV-11-2776 PSG (AGRx) (09/11) **CIVIL MINUTES - GENERAL** Page 6 of 7

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Link #38

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2776 PSG (AGRx) | Date | Sept. 19, 2011 |
|---|---|---|---|
| Title | A&S Engineering Services, Inc. v. Frydoun Sheikhpour *et al.* | | |

**IT IS SO ORDERED.**